MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
DANIEL TAVERAS, *individually and on*
*behalf of others similarly situated,*

<table>
<tr><td align="center">Plaintiff,</td><td align="center"><b>COMPLAINT</b></td></tr>
<tr><td align="center">-against-</td><td align="center"><b>COLLECTIVE ACTION UNDER</b><br><b>29 U.S.C. § 216(b)</b></td></tr>
<tr><td>P.J. CLARKE'S AT LINCOLN CENTER,<br>LLC  (D/B/A P.J. CLARKE'S), PHILIP<br>SCOTTI , ODALA DOE , and PEPE DOE ,</td><td align="center"><b>ECF Case</b></td></tr>
<tr><td align="center"><i>Defendants.</i></td><td></td></tr>
</table>

-------------------------------------------------------X

Plaintiff Daniel Taveras ("Plaintiff Taveras" or "Mr. Taveras"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against P.J. Clarke's at Lincoln Center, LLC (d/b/a P.J. Clarke's), ("Defendant Corporation"), Philip Scotti, Odala Doe, and  Pepe Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.      Plaintiff Taveras is a former employee of Defendants P.J. Clarke's at Lincoln Center, LLC (d/b/a P.J. Clarke's), Philip Scotti, Odala Doe, and Pepe Doe.

2.       Defendants own, operate, or control a saloon, located at 44 W 63rd Street, New York, NY 10023 under the name "P.J. Clarke's".

3.    Upon information and belief, individual Defendants Philip Scotti, Odala Doe, and Pepe Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.    Plaintiff Taveras was employed as a cook at the restaurant located at 44 W 63rd Street, New York, NY 10023.

5.    At all times relevant to this Complaint, Plaintiff Taveras worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

6.    Rather, Defendants failed to pay Plaintiff Taveras appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.    Defendants' conduct extended beyond Plaintiff Taveras to all other similarly situated employees.

8.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Taveras and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.    Plaintiff Taveras now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.    Plaintiff Taveras seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Taveras's state law claims under 28 U.S.C. § 1367(a).

12.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a saloon located in this district. Further, Plaintiff Taveras was employed by Defendants in this district.

## PARTIES

*Plaintiff*

13.     Plaintiff Daniel Taveras ("Plaintiff Taveras" or "Mr. Taveras") is an adult individual residing in Queens County, New York.

14.     Plaintiff Taveras was employed by Defendants at P.J. Clarke's from approximately November 2018 until on or about March 2020.

15.     Plaintiff Taveras consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a saloon, located at 44 W 63rd Street, New York, NY 10023 under the name "P.J. Clarke's".

17.     Upon information and belief, P.J. Clarke's at Lincoln Center, LLC (d/b/a P.J. Clarke's) is a domestic corporation organized and existing under the laws of the State of New York.

Upon information and belief, it maintains its principal place of business at 44 W 63rd Street, New York, NY 10023.

18.     Defendant Philip Scotti is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Philip Scotti is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Philip Scotti possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Taveras, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Odala Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Odala Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Odala Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Taveras, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Pepe Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Pepe Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Pepe Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff

Taveras, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a saloon located in the Lincoln Square section of Manhattan.

22.     Individual Defendants, Philip Scotti, Odala Doe, and Pepe Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Taveras's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Taveras, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Taveras (and all similarly situated employees) and are Plaintiff Taveras's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Taveras and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant Philip Scotti operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28.    At all relevant times, Defendants were Plaintiff Taveras's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Taveras, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Taveras's services.

29.    In each year from 2018 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Taveras is a former employee of Defendants who was employed as a cook.

32.     Plaintiff Taveras seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Daniel Taveras*

33.     Plaintiff Taveras was employed by Defendants from approximately November 2018 until on or about March 2020.

34.     Defendants employed Plaintiff Taveras as a cook.

35.     Plaintiff Taveras regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Taveras's work duties required neither discretion nor independent judgment.

37.     Throughout his employment with Defendants, Plaintiff Taveras regularly worked in excess of 40 hours per week.

38.     From approximately November 2018 until on or about March 2020, Plaintiff Taveras worked from approximately 4:00 p.m. until on or about 1:00 a.m., Sundays through Tuesdays and from approximately 4:00 p.m. until on or about 2:00 a.m., Fridays and Saturdays (typically 47 hours per week).

39.     Throughout his employment, Defendants paid Plaintiff Taveras his wages by check.

40.     From approximately November 2018 until on or about April 2019, Defendants paid Plaintiff Taveras $16.00 per hour.

41.     From approximately April 2019 until on or about December 2019, Defendants paid Plaintiff Taveras $17.00 per hour.

42.     From approximately December 2019 until on or about March 2020, Defendants paid Plaintiff Taveras $17.50 per hour.

43.     Plaintiff Taveras's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44.     For example, Defendants required Plaintiff Taveras to work 1 hour to 2 hours past his scheduled departure time regularly, and did not pay him for the additional time he worked.

45.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Taveras regarding overtime and wages under the FLSA and NYLL.

46.     Defendants did not provide Plaintiff Taveras an accurate statement of wages, as required by NYLL 195(3).

47.     Defendants did not give any notice to Plaintiff Taveras, in English and in Spanish (Plaintiff Taveras's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

48.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Taveras (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

49.     Plaintiff Taveras was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

50.     Defendants' pay practices resulted in Plaintiff Taveras not receiving payment for all his hours worked, and resulted in Plaintiff Taveras's effective rate of pay falling below the required minimum wage rate.

51.     Defendants habitually required Plaintiff Taveras to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

52.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

53.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Taveras (and similarly situated individuals) worked, and to avoid paying Plaintiff Taveras properly for his full hours worked.

54.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

55.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Taveras and other similarly situated former workers.

56.     Defendants failed to provide Plaintiff  Taveras and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

57.     Defendants failed to provide Plaintiff Taveras and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

58.      Plaintiff Taveras brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59.     At all relevant times, Plaintiff Taveras and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

60.     The claims of Plaintiff Taveras stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

61.     Plaintiff Taveras repeats and realleges all paragraphs above as though fully set forth herein.

62.     At all times relevant to this action, Defendants were Plaintiff Taveras's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Taveras (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

63.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

65.     Defendants failed to pay Plaintiff Taveras (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

66.     Defendants' failure to pay Plaintiff Taveras (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

67.     Plaintiff Taveras (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

68.     Plaintiff Taveras repeats and realleges all paragraphs above as though fully set forth herein.

69.     At all times relevant to this action, Defendants were Plaintiff Taveras's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

70.     Defendants had the power to hire and fire Plaintiff Taveras (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

71.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

72.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

73.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Taveras (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74.     Defendants' failure to pay Plaintiff Taveras (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75.     Plaintiff Taveras (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76.     Plaintiff Taveras repeats and realleges all paragraphs above as though fully set forth herein.

77.     At all times relevant to this action, Defendants were Plaintiff Taveras's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire

Plaintiff Taveras, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

78.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Taveras less than the minimum wage.

79.     Defendants' failure to pay Plaintiff Taveras the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.


## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

80.      Plaintiff Taveras repeats and realleges all paragraphs above as though fully set forth herein.

81.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Taveras overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

82.     Defendants' failure to pay Plaintiff Taveras overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

83.     Plaintiff Taveras was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

84.     Plaintiff Taveras repeats and realleges all paragraphs above as though fully set forth herein.

85.     Defendants failed to provide Plaintiff Taveras with a written notice, in English and in Spanish (Plaintiff Taveras's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

86.     Defendants are liable to Plaintiff Taveras in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

87.     Plaintiff Taveras repeats and realleges all paragraphs above as though fully set forth herein.

88.     With each payment of wages, Defendants failed to provide Plaintiff Taveras with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

89.      Defendants are liable to Plaintiff Taveras in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Taveras respectfully requests that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Taveras and the FLSA Class members;

(c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Taveras and the FLSA Class members;

(d)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Taveras and the FLSA Class members;

(e)      Awarding Plaintiff Taveras and the FLSA Class members damages for the amount of unpaid minimum wage and overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)      Awarding Plaintiff Taveras and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the

FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)    Declaring that Defendants violated the minimum wage provisions, and rules and orders promulgated under, the NYLL as to Plaintiff Tavares;

(h)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Taveras;

(i)    Declaring that Defendants' violations of the provisions of the NYLL were willful

as to Plaintiff Taveras;

(j)    Awarding Plaintiff Taveras damages for the amount of unpaid minimum wage and

overtime compensation, and for any improper deductions or credits taken against wages as

applicable

(k)    Awarding Plaintiff Taveras liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of minimum wage and overtime compensation shown to be

owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(l)    Awarding Plaintiff Taveras and the FLSA Class members pre-judgment and post-

judgment interest as applicable;

(m)    Awarding Plaintiff Taveras and the FLSA Class members the expenses incurred in

this action, including costs and attorneys' fees;

(n)    Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by

fifteen percent, as required by NYLL § 198(4); and

(o)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Taveras demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

November 16, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                    Telephone: (212) 317-1200
New York, New York 10165                                                    Facsimile: (212) 317-1620

———————

Faillace@employmentcompliance.com

September 1, 2020

BY ELECTRONIC SIGNATURE

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Daniel Taveras

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:                      *Daniel Taveras*

Date / Fecha:                           1 de Septiembre de 2020

*Certified as a minority-owned business in the State of New York*