# CSM LEGAL, P.C.
Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

February 7, 2022

**BY ECF**
Honorable Mary Kay Vyskocil
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007

    Re:    Taveras v. PJ Clarke's at Lincoln Center LLC et al, 20-cv-9693

Your Honor:

    This office represents Plaintiff in the above referenced matter. Plaintiff writes jointly with Defendants to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement ("Agreement"), attached hereto as Exhibit A, and dismiss the case with prejudice.

    The terms of the Agreement provide that, in exchange for Plaintiff discontinuing this litigation and executing a release of his wage and hour claims in favor of Defendants, Defendants shall pay the total gross amount of seven thousand five hundred dollars ($7,500.00) (the "Settlement Amount"), as described in the Agreement.

    The arbitration of this matter will be closed pending judicial review and approval of the Agreement.

    **1.**    **Background**

    Plaintiff filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

    Plaintiff contends that he was employed at Defendants' Upper West Side bar from November of 2018 until March of 2020. He worked as a cook at all times, but reports not being paid at the proper overtime rate, as well as working certain hours off the clock for which he was not paid at all.

    Defendants contend that Plaintiff was paid for all regular and overtime hours worked in accordance with the FLSA and the New York Labor Law and its regulations. Specifically,

Page 2

Defendants reviewed and produced Plaintiff's contemporaneous time/punch and payroll records covering the duration of his employment, and the records demonstrate that Plaintiff was paid for all hours that he was clocked in for work. Moreover, Defendants vehemently deny that Plaintiff was working hours off the clock (and, even if *arguendo* any such hours were worked, they were without Defendants' knowledge or permission).

2. **Settlement Terms**

Were he to prevail on every issue of fact, which Plaintiff concedes would be challenging given the serious factual disputes, extensive documentation, and the many defenses asserted by Defendants, Plaintiff estimates that he would be entitled to $6,641.25 in back wages.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Due to the many risks associated with litigating this matter, including defenses asserted by Defendants and serious factual disputes, Plaintiff is satisfied that the Agreement represents a fair compromise.

Considering the foregoing risks in this case, Plaintiff believes that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with the Plaintiff, Plaintiff's counsel will receive $2,500.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiff' recovery will be retained by the firm.

Plaintiff's counsel's lodestar in this case is $3,200.00. A copy of Plaintiff's billing record is attached as "Exhibit B." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided

Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiff has agreed to the fee provided for in the Agreement.

A brief biography of each Plaintiff's attorney who performed billed work in this matter is as follows:

    i.    Michael Faillace, Esq. ("MF"), was the Managing Member of Michael Faillace & Associates, P.C., which is now CSM Legal, and was in practice from 1983 to November 5, 2021[1]. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). He taught employment antidiscrimination law as an Adjunct Professor at Fordham University School of Law beginning in 1992 and at Seton Hall University Law School from 1995 to 1998, and he is a nationally-renowned speaker and writer on employment law. He is also the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. His work was billed at the rate of $450 per hour, his standard billing rate for matters paid on an hourly basis. Courts have routinely held that hourly fees of $450, or even $500, for counsel with Mr. Faillace's level of experience (37 years) and expertise are reasonable. *See*, e.g., *Manley v. Midan Rest. Inc.*, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience).

    ii.    Clela A. Errington is an associate at CSM Legal, P.C. She is a 2012 graduate of New York University School of Law. She began her career at Eisner & Mirer, P.C. specializing in labor law, followed by several years providing litigation support to large law firms including Cravath Swaine & Moore, LLP. She returned to active litigation practice in 2019, joining the Jones Law Firm, P.C., specializing in workers' and debtors' rights, followed by Michael Faillace & Associates in 2020 and CSM Legal, P.C. in 2021, practicing exclusively plaintiff-side wage and hour law. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

---

[1] No funds will be distributed to Mr. Faillace unless an application is made to the Court on his behalf, and order is entered to that effect.

Respectfully submitted,

/s/ _____
Clela Errington
CSM LEGAL, P.C.
Attorneys for the Plaintiff

Enclosures
4886-5807-1308, v. 1